IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHANNON CLEMMONS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08-cv-00811 |
| | ) | |
| RON SMITH, | ) | Senior Judge John T. Nixon |
| SMITH MANAGEMENT PARTNERS, LLC, | ) | Magistrate Judge Juliet E. Griffin |
| PRECIOUS MOMENTS COMPANY, INC. | ) | |
| and | ) | |
| PRECIOUS MOMENTS FAMILY OF | ) | |
| COMPANIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**EMERGENCY MOTION TO
DISSOLVE TEMPORARY RESTRAINING ORDER SECURED BY $5,000**

Pending before the Court is the Emergency Motion [Document 15] of Defendants, Precious Moments Company, Inc. ["PMI"] and Precious Moments Family of Companies, Inc. ["PMFC"] to dissolve the Temporary Restraining Order entered by Judge William Haynes on August 27, 2008 [Document 10].

The remaining Defendants, Ron Smith and Smith Management Partners, LLC [collectively, "Smith Management"], join in that Motion. In connection therewith, Smith Management states as follows:

**INTRODUCTION**

The Plaintiff contends that she developed an idea known as *Gracie Girls* which is substantiated by one or more copyright certificates. She contends that PMI and/or PMFC are about to launch a competing product line which infringes on her copyright. The gravamen of her claims are premised upon a few conversations between Plaintiff and Smith Management. She contends that

Smith Management subsequently disclosed the nuances of *Gracie Girls* to PMI or PMFC, giving rise to the alleged subsequent infringement by PMI or PMFC.

PMI and PMFC have filed papers reflecting that their *Precious Girls Club Program* was independently created by them, and in no way infringes on Plaintiff's copyright.

Although not adversely affected by the Restraining Order, Smith Management likewise seeks to dissolve it as it is premised upon the alleged wrongdoings of Smith Management. In support of this Motion, Smith Management has submitted the verified statements of the following individuals:

- Ron Smith; and
- Jeffrey Atwood.

## ARGUMENT

### THE FACTS GIVING RISE TO THE RESTRAINING ORDER ARE DISPUTED BY THE COUNTER-AFFIDAVITS, AND THEREFORE, THERE IS NOT A LIKELIHOOD THAT PLAINTIFF WILL SUCCEED ON THE MERITS OF HER CASE.

In issuing the TRO, Judge Haynes concluded that Plaintiff was likely to succeed on the merits of her copyright claims and therefore, that injunctive relief was appropriate. Unfortunately, Judge Haynes was not afforded the opportunity to consider all of the facts when making that preliminary ruling.

The attached Affidavits of Messrs. Smith and Atwood confirm that Plaintiff has no likelihood of success on the merits. The Affidavits are detailed. However, the critical points confirm the following:

**Disclosures by Smith Management to PMI and/or PMFC**

The attached Affidavits confirm that neither Mr. Smith nor Mr. Atwood have disclosed any information to PMI or PMFC concerning *Gracie Girls*. They likewise confirm that no samples or other materials were ever delivered to PMI or PMFC.

**Copyright Infringement**

Plaintiff alleges that PMI's product known as the *"Precious Girls' Club Program"* infringes on her product known as *Gracie Girls*. However, Mr. Smith's Affidavit confirms that he began dealing with PMI in late 2006. At that juncture, PMI had already developed *Precious Girls*. Mr. Smith did not discuss *Gracie Girls* with Plaintiff until May 15, 2007 (several months thereafter). Thus, the *Precious Girls'* product preceded PMI's dealings with Mr. Smith, and, Mr. Smith's subsequent dealings with Plaintiff. Thus, Plaintiff cannot prove a critical time line.

**Lack of Financial Nexus Between Smith Management and PMI/PMFC**

In her Complaint, Plaintiff infers that Smith Management has collaborated with PMI or PMFC to financially benefit from the alleged infringement. However, the attached Affidavits confirm that neither Mr. Smith nor Mr. Atwood have received any compensation from PMI or PMFC related to *Gracie Girls* or *Precious Girls*. Likewise, neither individual has any expectation of receiving such benefits.

## **CONCLUSION**

For the reasons set forth herein, and in the Motion of PMI [Document 15], Smith Management requests that the previously-entered TRO be dissolved.

Respectfully submitted,

/s/ Phillip Byron Jones, Esq.
Phillip Byron Jones (#14125)
Christopher E. Hugan (#22853)
EVANS, JONES & REYNOLDS, P.C.
SunTrust Plaza, Suite 710
401 Commerce Street
Nashville, TN 37219
(615) 259-4685 Telephone /(615) 256-4448 Facsimile
Pjones@ejrlaw.com / Chugan@ejrlaw.com

*Attorneys for Defendants Ron Smith and*
*Smith Management Partners, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing **EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER SECURED BY $5,000** has been served via **the Court's electronic filing system,** upon:

**John F. Triggs, Esq.**
**Ryan D. Levy, Esq.**
Waddey & Patterson P.C.
Roundabout Plaza
1600 Division Street, Suite 500
Nashville, TN 37203
jft@iplawgroup.com
rdl@iplawgroup.com
      *Counsel for Plaintiff*


**Michael R. Levinson, Esq.**
**Louis S. Chronowski, Esq.**
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
mlevinson@seyfarth.com
lchronowski@seyfarth.com

**W. Travis Parham, Esq.**
**Waverly D. Crenshaw, Jr., Esq.**
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219-8966
travis.parham@wallerlaw.com
waverly.crenshaw@wallerlaw.com
      *Counsel for Defendant, Precious Moments Company, Inc. and*
      *Precious Moments Family of Companies, Inc.*

this 29th day of August, 2008.

                                            /s/ Phillip Byron Jones, Esq.
                                            Phillip Byron Jones, Esq.

830102.004